731 S.E.2d 282

**In the Matter of George E. LAFAYE, III, Respondent.**

**No. 27150.**

Supreme Court of South Carolina.

Submitted June 25, 2012.

Decided Aug. 1, 2012.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara Marie Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

George E. Lafaye, III, of Columbia, pro se.

PER CURIAM:

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to disbarment. He requests that disbarment be imposed retroactively to the date of his interim suspension, April 21, 2011. *In the Matter of Lafaye*, 392 S.C. 312, 709 S.E.2d 625 (2011). In addition, respondent agrees to pay the costs incurred by ODC and the Commission on Lawyer Conduct (the Commission) in the investigation and prosecution of this matter within thirty (30) days of his disbarment. Further, respondent agrees to pay restitution of $365,747.58, plus interest, and legal fees of $4,310.90 to Commonwealth Land Title Insurance Company and to pay restitution to the Lawyers' Fund for Client Protection (Lawyers' Fund), reimbursing it for all claims paid on his behalf. Respondent agrees to pay restitution within one (1) year of his disbarment.

The Agreement provides that respondent shall file proof of payment of restitution with the Commission no later than one (1) year from the date of the Court's order of disbarment and, if funds currently held in trust or operating accounts by the attorney appointed to protect the interests of respondent's clients are used to pay any of the above obligations, respondent's obligations shall be reduced by the amount paid. The Agreement further provides that respondent and Common-

wealth Land Title Insurance Company may negotiate repayment of a lesser amount and that, should the title company confirm payment of a lesser amount in full satisfaction of respondent's debt, respondent's restitution obligation shall be deemed paid in full.

We accept the Agreement and disbar respondent from the practice of law in this State retroactive to the date of his interim suspension. In addition, we impose the conditions as stated in this opinion. The facts, as set forth in the Agreement, are as follows.

### *Facts*

Respondent operated a solo practice from 1994 until his interim suspension on April 21, 2011. In 2009, the Commission received a report of an overdraft on respondent's trust account. During the course of the ensuing investigation by ODC, respondent admitted he failed to ensure deposits were credited to his trust account prior to disbursement in violation of Rule 1.15, RPC, Rule 407, SCACR. He also admitted he was delinquent in reconciling his trust account as required by Rule 417, SCACR.

During the course of the 2009 investigation, respondent retained an attorney and an accountant. Based on information and documents supplied by respondent, respondent's counsel and accountant represented to ODC that they had assisted respondent in becoming compliant with Rule 417, SCACR, and that respondent's trust account reconciliations had been brought up to date. In reliance on the representations made by respondent's counsel and accountant, and respondent's agreement to comply with Rule 1.15, RPC, and Rule 417, SCACR, in the future, ODC agreed to the Commission concluding the matter with a confidential admonition. The admonition was issued on July 31, 2009. At the time of the resolution of that investigation, respondent did not disclose the existence of a second trust account to ODC.

On December 23, 2010, respondent conducted a closing for Mr. and Mrs. A who refinanced their home mortgage. Respondent received the funds in his second trust account by wire from Mr. and Mrs. A's new lender. Respondent was to pay off Mr. and Mrs. A's prior mortgage in the amount of

$196,291.13 on January 3, 2011. Respondent did not pay off the loan as agreed because he did not have sufficient funds in the second trust account.

On February 28, 2011, respondent signed a false affidavit stating that he made the payoff and that he was in possession of a canceled check payable to the lender. Respondent submitted the false affidavit to the title company.

Respondent made two small payments on the prior loan between January and April 2011. In April, Mr. and Mrs. A discovered that their prior mortgage was not paid off when they received a statement showing that someone had been making periodic payments. Mr. and Mrs. A contacted the representative of the new lender who, in turn, contacted the title company.

Counsel for the title company confronted respondent on April 6, 2011, to determine the status of the mortgage. Respondent wired the funds to pay off the prior mortgage the same day. In order to pay off Mr. and Mrs. A's prior mortgage, respondent used funds received in connection with an unrelated closing for his clients, Mr. and Mrs. B.

On March 31, 2011, respondent had closed a loan for Mr. and Mrs. B to be disbursed on April 5. On April 5, 2011, respondent received $407,001.00 by wire to his second trust account to fund Mr. and Mrs. B's closing. Respondent did not pay off Mr. and Mrs. B's prior mortgage as agreed. Instead, respondent used a portion of Mr. and Mrs. B's loan proceeds to pay off Mr. and Mrs. A's prior mortgage. On April 14, 2011, respondent used approximately $40,000 of Mr. and Mrs. B's loan proceeds to make a payment to their prior mortgage holder.

On April 21, 2011, the date of respondent's interim suspension, he had approximately $65,000 in the second trust account and more than $23,000 in outstanding checks. On April 27, 2011, the title insurance company paid $365,747.58 to satisfy Mr. and Mrs. B's prior mortgage.

From 1994 until his interim suspension in April 2011, respondent misappropriated funds from his client trust accounts. Respondent used the funds to pay tax bills, personal attorneys' fees, settle a malpractice claim, and for various other

personal and business purposes. For many years, respondent paid his personal mortgage through monthly automatic debits from the second trust account in the amount of $1,184.00 per month. In 2009, respondent paid his personal tax debt in the amount of $11,224.50 from the second trust account.

Over time, respondent made attempts to restore misappropriated funds by making deposits into the second trust account from a personal investment account created with a family inheritance and personal loans. He also attempted to cover the shortages that resulted from his misappropriation by leaving earned fees in the trust account. As a result of his ongoing misuse of trust funds, respondent's efforts to restore the account were unsuccessful.

Respondent now admits that the representations he made to ODC in 2009 were false. He also admits he did not prepare proper monthly reconciliations as required by Rule 417, SCACR. Finally, respondent admits he was able to keep ODC from discovering the misappropriation in 2009 by failing to disclose the existence of the second trust account.

### *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.15 (lawyer shall hold property of clients in lawyer's possession in connection with representation separate from lawyer's own property; lawyer may deposit lawyer's own funds in client trust account for the sole purpose of paying service charges on that account; lawyer shall promptly deliver to client or third person any funds client or third person is entitled to receive; lawyer shall not disburse funds from an account containing funds of more than one client or third person unless funds to be disbursed have been deposited in the account and are collected funds); Rule 4.1 (in course of representing client, lawyer shall not knowingly make false statement of material fact to third person); Rule 8.1 (lawyer in connection with disciplinary matter shall not fail to disclose a fact necessary to correct a misapprehension known to have arisen in the matter); Rule 8.4(b) (it is professional misconduct for lawyer to commit a criminal act that reflects adversely on the lawyer's

honesty, trustworthiness or fitness as a lawyer in other respects); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice). Respondent also admits he violated Rule 417, SCACR. Further, respondent admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers).

### *Conclusion*

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state, retroactive to the date of his interim suspension. Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred by ODC and the Commission in the investigation and prosecution of this matter. Within one (1) year of the date of this opinion, respondent shall pay restitution in the amount of $365,747.58, plus interest, and legal fees of $4,310.90 to Commonwealth Land Title Insurance Company. In addition, within one (1) year of the date of this opinion, respondent shall pay restitution to the Lawyers' Fund, reimbursing it for all claims paid on his behalf.

Respondent shall file proof of payment of restitution to the Commission no later than one (1) year from the date of this opinion. If funds currently held in respondent's trust or operating accounts by the attorney appointed to protect the interests of respondent's clients are used to pay any of the above-stated restitution obligations, respondent's obligations shall be reduced by the amount paid. Respondent and Commonwealth Land Title Insurance Company may negotiate repayment of a lesser amount. Should the title company confirm payment of a lesser amount in full satisfaction of respondent's debt, respondent's restitution obligation shall be deemed paid in full.

Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and

shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.