# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of William Isaac Diggs, Respondent.

Appellate Case No. 2016-001316

---

Opinion No. 27669
Submitted September 8, 2016 – Filed September 28, 2016

---

## DISBARRED

---

Lesley M. Coggiola, Disciplinary Counsel, and Julie K. Martino, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

William Isaac Diggs, of Myrtle Beach, *pro se*.

---

**PER CURIAM:** On June 9, 2016, respondent was disbarred from the North Carolina State Bar. *See* Attached Opinion. Respondent failed to inform the Office of Disciplinary Counsel (ODC) of his disbarment as required by Rule 29(a) of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). After ODC notified the Court of respondent's disbarment, the Clerk of this Court sent a letter to ODC and respondent notifying them that, pursuant to Rule 29(b), RLDE, they had thirty (30) days in which to inform the Court of any claim as to why identical discipline should not be imposed. Respondent failed to respond. ODC filed a response stating that respondent should be disbarred and ordered to pay restitution to those clients from whom he misappropriated funds for his personal use and benefit and to the Lawyers' Fund for Client Protection (Lawyers' Fund) for claims it paid on his behalf.

In similar cases of misconduct, this Court has imposed disbarment and ordered the payment of restitution. *In the Matter of Cutchin*, 412 S.C. 144, 771 S.E.2d 845

(2015); *In the Matter of Miller*, 406 S.C. 495, 753 S.E2d 242 (2014); *In the Matter of Lafaye*, 399 S.C. 12, 731 S.E.2d 282 (2012). Accordingly, we find respondent's misconduct warrants both his disbarment and the payment of restitution.

Within thirty (30) days of the date of this opinion, ODC and respondent shall enter into a restitution plan in which respondent shall agree to pay restitution to all clients harmed by his misconduct in this matter and to the Lawyers' Fund for claims paid on his behalf.

Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**

# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of William Isaac Diggs, Respondent.

Appellate Case No. 2016-001316

Opinion No. 27669
Submitted September 8, 2016 – Filed September 28, 2016

## DISBARRED

Lesley M. Coggiola, Disciplinary Counsel, and Julie K. Martino, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

William Isaac Diggs, of Myrtle Beach, *pro se.*

**PER CURIAM:** On June 9, 2016, respondent was disbarred from the North Carolina State Bar. *See* Attached Opinion. Respondent failed to inform the Office of Disciplinary Counsel (ODC) of his disbarment as required by Rule 29(a) of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). After ODC notified the Court of respondent's disbarment, the Clerk of this Court sent a letter to ODC and respondent notifying them that, pursuant to Rule 29(b), RLDE, they had thirty (30) days in which to inform the Court of any claim as to why identical discipline should not be imposed. Respondent failed to respond. ODC filed a response stating that respondent should be disbarred and ordered to pay restitution to those clients from whom he misappropriated funds for his personal use and benefit and to the Lawyers' Fund for Client Protection (Lawyers' Fund) for claims it paid on his behalf.

In similar cases of misconduct, this Court has imposed disbarment and ordered the payment of restitution. *In the Matter of Cutchin*, 412 S.C. 144, 771 S.E.2d 845 (2015); *In the Matter of Miller*, 406 S.C. 495, 753 S.E2d 242 (2014); *In the*

*Matter of Lafaye*, 399 S.C. 12, 731 S.E.2d 282 (2012). Accordingly, we find respondent's misconduct warrants both his disbarment and the payment of restitution.

Within thirty (30) days of the date of this opinion, ODC and respondent shall enter into a restitution plan in which respondent shall agree to pay restitution to all clients harmed by his misconduct in this matter and to the Lawyers' Fund for claims paid on his behalf.

Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**



STATE OF NORTH CAROLINA                                    BEFORE THE
                                          DISCIPLINARY HEARING COMMISSION
                                                     OF THE
WAKE COUNTY                                   NORTH CAROLINA STATE BAR
                                                    16 DHC 15

| | |
|---|---|
| THE NORTH CAROLINA STATE BAR, <br><br> Plaintiff <br><br> v. <br><br> WILLIAM I. DIGGS, Attorney, <br><br> Defendant | ORDER OF DISCIPLINE |

THIS MATTER was considered by a Hearing Panel of the Disciplinary Hearing Commission composed of the Chair, Joshua W. Willey, Jr., and members Shirley L. Fulton and Tyler B. Morris upon Plaintiff's Motion for Order of Discipline. Jennifer A. Porter represented Plaintiff, the North Carolina State Bar. Defendant William I. Diggs (hereinafter Defendant or Diggs) was not represented, did not make an appearance in this matter, and did not file any written submissions in response to Plaintiff's Motion for Order of Discipline. After review of the pleadings herein and pursuant to 27 N.C. Admin. Code § 1B.0114(f), the Hearing Panel determines it is appropriate to grant Plaintiff's Motion for Order of Discipline.

THEREFORE, based on the pleadings and the admissions established by Defendant's default pursuant to 27 N.C. Admin. Code §1B.0114(f), the Hearing Panel hereby finds by clear, cogent and convincing evidence the following

FINDINGS OF FACT

1.      Plaintiff, the North Carolina State Bar ("State Bar"), is a body duly organized under the laws of North Carolina and is the proper party to bring this proceeding under the authority granted it in Chapter 84 of the General Statutes of North Carolina, and the Rules and Regulations of the North Carolina State Bar (Chapter 1 of Title 27 of the North Carolina Administrative Code).

2.      Defendant, William I. Diggs (hereinafter "Diggs" or "Defendant"), was admitted to the North Carolina State Bar in 1980, and is, and was at all times referred to herein, an attorney at law licensed to practice in North Carolina, subject to the laws of the State of North Carolina, the Rules and Regulations of the North Carolina State Bar and the Revised Rules of Professional Conduct.

3.      The Complaint in this action was filed on April 7, 2016.

4. Defendant was served with the Summons and Complaint on April 9, 2016.

5. Defendant failed to file an answer or any responsive pleading by the deadline established by 27 N.C. Admin. Code 1B § .0114(e).

6. Upon Plaintiff's motion, default was entered against Defendant by the Secretary of the State Bar on 26 May 2016.

7. Plaintiff filed a Motion for Order of Discipline on 26 May 2016 and served the motion on that date by depositing a copy of the same in the U.S. Mail in a postage prepaid envelope addressed to Defendant's address of record.

8. During all or part of the relevant periods referred to herein, Defendant was engaged in the practice of law in the State of South Carolina, where he was also licensed to practice law.

9. In the course of his law practice, Defendant maintained and utilized an attorney trust account at National Bank of South Carolina (NBSC), a division of Synovus Bank, account number ending in digits 6601 ("trust account").

10. Defendant also had an operating account for his law practice at NBSC, account number ending in digits 2701 ("operating account").

11. Between July 2009 and September 2014, Defendant deposited entrusted funds for clients into his trust account, including funds for the following client matters: Sapps Estate; Tisdale minors.

12. From August 2009 through September 2014, Defendant should have maintained in his trust account entrusted funds in excess of $100,000.00 for his clients, including but not limited to funds on behalf of the Sapps Estate and the Tisdale minors.

13. Defendant failed to maintain his clients' entrusted funds in his trust account, including but not limited to funds for the Sapps Estate and the Tisdale minors, as shown by the following:

    a. As of February 12, 2012, the balance of Defendant's trust account was $103.78.

    b. As of June 5, 2012, the balance of Defendant's trust account was $21.09.

    c. Defendant's trust account balance remained $21.09 until September 2012.

d. In September 2012, he transferred $2,500.00 from his operating account to his trust account and immediately disbursed the $2,500.00 by check on behalf of a Tisdale minor, which returned the trust account balance to $21.09.

e. Defendant's trust account balance remained at $21.09 until the end of October 2012, when a $300.00 disbursement resulted in a negative balance on October 30, 2012 of -$278.91.

f. As of October 31, 2012, the balance of Defendant's trust account was -$314.91.

g. As of March 15, 2013, the balance of Defendant's trust account was $325.94.

h. As of October 4, 2013, the balance of Defendant's trust account was $79.84.

i. As of December 20, 2013, the balance of Defendant's trust account was $64.17.

j. As of January 13, 2014, the balance of Defendant's trust account was $117.17.

k. As of March 26, 2014, the balance of Defendant's trust account was $559.17.

l. As of May 16, 2014, the balance of Defendant's trust account was $55.81.

14. In March and April 2014, Defendant made two disbursements from his trust account on behalf of Tisdale. By this time, however, Defendant did not have funds for this client in his trust account.

15. Between August 2009 and September 2014, Defendant disbursed funds from his trust account through improper means and without identification of the client whose funds were being disbursed, including as follows:

a. Electronic transfers from his trust account to his operating account;

b. Checks made payable to cash;

c. Debit counter withdrawals;

d. Checks made payable to him.

16. Through the above-described means, Defendant misappropriated entrusted funds from his attorney trust account for his personal use and benefit.

17. By letter dated September 19, 2014, Defendant reported his misappropriation of the Sapps Estate and Tisdale entrusted funds to the South Carolina Office of Disciplinary Counsel.

18. In his letter reporting his misappropriation of the Sapps Estate and Tisdale funds, Defendant admitted "I was not pushed to distribute these funds quickly and they remained in trust. Over time, I used all of these funds from both cases to cover office overhead."

19. By letter dated September 22, 2014, Dundee W. Carter, Horry County Associate Judge of Probate, notified the South Carolina Commission on Lawyer Conduct that at an in-chambers meeting held to discuss Defendant's failure to disburse the Sapps Estate funds to counsel for the conservator for the minor beneficiaries, Defendant admitted the funds had been depleted from his trust account by transfer into his operating account and the Sapps Estate funds were no longer available for disbursement.

20. Defendant did not report his misappropriation to the North Carolina State Bar.

21. By letter dated September 29, 2014, the Supreme Court of South Carolina Commission on Lawyer Conduct notified the North Carolina State Bar of its September 23, 2014 order placing Defendant on interim suspension in South Carolina.

22. On October 1, 2014 the North Carolina State Bar initiated a grievance investigation regarding Defendant's misappropriation of entrusted funds.

23. On October 9, 2014, the North Carolina State Bar served Defendant by certified mail with a letter of notice in the grievance investigation concerning his misappropriation of entrusted funds. Defendant had fifteen days from service to respond to the State Bar's inquiry in the disciplinary matter.

24. Defendant failed to respond to the inquiry of the State Bar in the disciplinary matter.

25. The above described improper transfers and disbursements of entrusted funds and admitted misappropriation occurred during times of demonstrable financial need on the part of Defendant, as shown in part by multiple negative balances in his operating account including as follows:

    a. In 2009, the balance of Defendant's operating account was negative on several occasions, including on the following dates: October 15 (-

$157.34); October 26 (-$94.44); October 27 (-$722.54), November 17 (-$218.34); November 18 (-$326.34); November 19 (-$850.35); December 15 (-$545.40).

b. In 2010, the balance of Defendant's operating account was negative on several occasions, including on the following dates: February 9 (-$434.27); February 10 (-$1,003.63); February 11 (-$2,445.06); February 18 (-$561.55); April 2 (-$175.49); April 6 (-$489.04); April 7 (-$633.04); April 8 (-$729.88); May 14 (-$53.58); May 25 (-$330.29); May 26 (-$402.29); July 12 (-$1,110.32); July 13 (-$1,218.32); July 15 (-$182.51); July 19 (-$758.60); August 11 (-$794.71); August 17 (-$402.20); October 13 (-$1,529.10); October 14 (-$1,958.41).

c. In 2011, the balance of Defendant's operating account was negative on several occasions, including on the following dates: January 3 (-$647.91); January 4 (-$828.91); January 5 (-$2,237.29); January 6 (-$179.29); January 18 (-$705.77); January 19 (-$271.89); January 20 (-$90.17); January 28 (-$819.10); January 31 (-$54.89); February 2 (-$153.79); February 3 (-$319.79); February 4 (-$839.26); February 7 (-$1,185.26); February 9 (-$543.26); February 10 (-$885.04); February 15 (-$470.47); March 2 (-$969.59); March 3 (-$1,063.59); March 4 (-$495.06); March 9 (-$142.92); March 10 (-$1,273.92); March 18 (-$517.76); March 21 (-$879.98); March 23 (-$499.01); March 25 (-$94.39); April 4 (-$336.34); April 7 (-$52.06); April 8 (-$776.00); April 19 (-$1,268.13); April 25 (-$657.43); April 26 (-$983.15); May 6 (-$786.06); May 9 (-$274.91); May 10 (-$1,502.61); May 23 (-$10.52).

d. In 2012, the balance of Defendant's operating account was negative on the following dates: March 14 (-$108.15); March 15 (-$299.12); March 30 (-$1,529.82); March 31 (-$1,539.82); June 4 (-$1,737.41); June 5 (-$13.81); June 7 (-$187.06); June 12 (-$121.51); June 19 (-$122.31); June 20 (-$340.67).

26. When the above itemized negative balances occurred in this operating account, Defendant often transferred funds from his trust account to his operating account to return the balance of his operating account to a positive balance.

Based upon the pleadings, Defendant's default, and the foregoing Findings of Fact, the Hearing Panel enters the following:

## CONCLUSIONS OF LAW

1. All parties are properly before the Hearing Panel, and the Panel has jurisdiction over Defendant and the subject matter of this proceeding.

2. Defendant has failed to file any responsive pleading in this matter and a proper entry of default has been entered by the Secretary of the State Bar.

3. Section .0114(f) of the North Carolina State Bar Discipline and Disability Rules provides that, upon entry of the defendant's default by the Secretary, the allegations in the complaint will be deemed admitted. The State Bar counsel may then apply to the hearing panel for a default order imposing discipline, and "the hearing panel will thereupon enter an order, make findings of fact and conclusions of law based on the admissions, and order the discipline deemed appropriate." The hearing panel may, but is not required, to hear additional evidence before entering an order of discipline. 27 N.C. Admin. Code § 1B.0114(f).

4. The allegations of Plaintiff's complaint are deemed admitted.

5. Knowing and willful misappropriation of money by a fiduciary constitutes the crime of embezzlement under N.C. Gen. Stat. § 14-90. Embezzlement is a felony.

6. Defendant knowingly and willfully misappropriated entrusted funds on multiple occasions over several years.

7. Additional evidence is not necessary to determine the appropriate discipline in this case.

8. Defendant's conduct, as set forth in the Findings of Fact above, constitutes grounds for discipline pursuant to N.C. Gen. Stat. § 84-28(b)(3) for failure to answer the formal inquiry issued by the North Carolina State Bar in a disciplinary matter, and pursuant to N.C. Gen. Stat. § 84-28(b)(2) for violation of the following Rules of Professional Conduct in effect at the time of the conduct:

(a) By disbursing to himself entrusted funds from his trust account to which he was not entitled, Defendant failed to hold and maintain separate from his property the entrusted funds of his clients in violation of Rule 1.15-2(a), used entrusted funds for his personal benefit in violation of Rule 1.15-2(j), and failed to promptly pay or deliver entrusted funds in violation of Rule 1.15-2(m);

(b) By knowingly disbursing to himself entrusted funds to which he was not entitled, Defendant committed criminal acts that reflect adversely on his honesty, trustworthiness, or fitness in other respects in violation of Rule 8.4(b), and engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation in violation of Rule 8.4(c);

(c) By issuing checks to "cash" from his trust account, Defendant used items drawn on a trust account made payable to cash to withdraw funds from his trust account in violation of Rule 1.15-2(h);

(d)     By using electronic transfers, checks made payable to himself or to cash without client attribution, and counter withdrawals to disburse funds from his trust account in a manner that failed to produce the record required under Rule 1.15-3(b)(2) identifying the client from whose funds in the trust account the disbursement was being made, Defendant failed to disburse entrusted funds in accordance with Rule 1.15 in violation of Rule 1.15-2(a), and failed to maintain requisite records for his trust account in violation of Rule 1.15-3(b)(2);

(e)     By failing to report his misappropriation of entrusted funds to the North Carolina State Bar, Defendant failed to promptly inform the North Carolina State Bar of the misappropriation of entrusted funds in violation of Rule 1.15-2(o);

(f)     By failing to respond to the letter of notice issued to him by the State Bar in its grievance investigation, Defendant knowingly failed, in connection with a disciplinary matter, to respond to a lawful demand for information from a disciplinary authority in violation of Rule 8.1(b).

Based on the foregoing Findings of Fact and Conclusions of Law, the Hearing Panel hereby finds by clear, cogent and convincing evidence the following additional

FINDINGS OF FACT REGARDING DISCIPLINE

1.     The findings of fact in paragraphs 1 – 26 above are reincorporated as if set forth herein.

2.     Defendant diverted funds that should have been available for minor beneficiaries and other clients and converted them to his own use.

3.     Defendant misappropriated entrusted funds over the course of several years to satisfy personal financial needs throughout that period of time.

4.     Defendant's misappropriation of the entrusted funds due to the minor beneficiaries of the Sapps Estate and concomitant failure to comply with his obligation to disburse the Sapps Estate funds to counsel for the conservator for the minor beneficiaries necessitated appearance before Judge Dundee W. Carter in Horry County, South Carolina.

5.     At the meeting with the judge, Defendant had to admit he no longer had the Sapps Estate funds to disburse. Accordingly, the judge was unable to compel the disbursement of the Sapps Estate funds to counsel for the conservator that was warranted.

6. Defendant also no longer has the funds for the Tisdale minor that he should have maintained.

7. Defendant failed to participate in the profession's self-regulation, by failing to report his misappropriation to the North Carolina State Bar and failing to respond to the letter of notice concerning his misappropriation.

8. Defendant placed his own personal interests over those of his clients, including the minors for whom he should have maintained entrusted funds.

9. Defendant, by engaging in conduct involving misappropriation, misrepresentation and deceit for a substantial period of time, has shown himself to be untrustworthy.

10. The perception of the profession in the eyes of clients and the public is negatively affected by an attorney's misappropriation of entrusted funds belonging to clients and to minors.

11. Defendant has no prior record of disciplinary offenses.

12. Defendant has been licensed since 1980. With his degree of experience, Defendant should have known better than to engage in these acts that have led to the discipline imposed in this order.

13. The Hearing Panel finds by clear, cogent, and convincing evidence any additional facts that may be contained in the conclusions regarding discipline set out below.

Based on the foregoing Findings of Fact, Conclusions of Law, and Additional Findings Regarding Discipline, the Hearing Panel enters the following

CONCLUSIONS REGARDING DISCIPLINE

1. The Hearing Panel carefully considered all of the different forms of discipline available to it.

2. The Hearing Panel considered all of the factors enumerated in 27 N.C. Admin. Code § 1B.0114(w)(1), (2) and (3) and determined that the following factors are applicable:

27 N.C. Admin. Code § 1B.0114(w)(1)

a. Factor (B), Intent of Defendant to commit acts where the harm or potential harm is foreseeable;

b. Factor (C), Circumstances reflecting Defendant's lack of honesty, trustworthiness, or integrity;

c. Factor (D), Elevation of Defendant's own interest above those of his clients;

d. Factor (E), Negative impact of Defendant's actions on client's or public's perception of the profession;

e. Factor (I), Acts of dishonesty, misrepresentation, deceit or fabrication;

27 N.C. Admin. Code § 1B.0114(w)(2)

f. Factor (A), Acts of dishonesty, misrepresentation, deceit or fabrication;

g. Factor (C), Misappropriation or conversion of assets of any kind to which Defendant or recipient was not entitled, whether from a client or any other source;

h. Factor (D), Commission of a felony;

27 N.C. Admin. Code § 1B.0114(w)(3)

i. Factor (A), No prior record of disciplinary offenses;

j. Factor (C), Dishonest or selfish motive;

k. Factor (F), A pattern of misconduct;

l. Factor (G), Multiple offenses;

m. Factor (K), Absence of full and free disclosure to the Hearing Panel;

n. Factor (R), Vulnerability of the victims; and

o. Factor (S), Substantial degree of experience in the practice of law.

3. The factors present under 27 N.C. Admin. Code § 1B.0114(w)(1) and (2) support imposition of disbarment in this case.

4. Defendant caused significant harm to his clients and to minor beneficiaries by misappropriating their entrusted funds.

5. Proper maintenance and management of entrusted funds is a cornerstone of the public's trust in the legal profession. Embezzlement is one of the most serious

offenses an attorney can commit, betraying the client's trust in the attorney and the public's trust in the legal profession. Defendant's misappropriation caused harm to the standing of the legal profession, undermining trust and confidence in lawyers and the legal system.

6. Defendant's repeated commission of criminal acts reflecting adversely on his honesty, trustworthiness or fitness as a lawyer caused potential significant harm to the legal profession, in that criminal conduct tends to bring the legal profession into disrepute.

7. Defendant's failure to respond to the letter of notice from the State Bar and failure to participate in this disciplinary proceeding before the DHC results in potential significant harm to the profession and to the public. The legal profession is entrusted with the privilege of self-regulation. The State Bar can only regulate the profession if its members respond to inquiries of the State Bar and otherwise participate. Defendant's failure to respond to the State Bar and participate in this disciplinary proceeding before the DHC shows an unacceptable disregard for the regulatory authority of the State Bar. Defendant's failure to participate in the profession's self-regulation impedes effective self-regulation and jeopardizes the privilege of the profession to remain self-regulating.

8. The Hearing Panel has considered lesser alternatives and finds that suspension of Defendant's license or a public censure, reprimand, or admonition would not be sufficient discipline because of the gravity of the actual and potential harm to his clients, the public, the administration of justice, and the legal profession caused by Defendant's conduct, and the threat of potential significant harm Defendant poses to the public.

9. The Hearing Panel considered all lesser sanctions and finds that discipline short of disbarment would not adequately protect the public for the following reasons:

   a. Defendant repeatedly engaged in criminal acts reflecting adversely on his honesty, trustworthiness or fitness as a lawyer, and abused the trust placed in him by his clients and as a fiduciary. Misappropriation of entrusted funds is among the most serious misconduct in which an attorney can engage, and demonstrates the attorney is not trustworthy;

   b. Entry of an order imposing less serious discipline would fail to acknowledge the seriousness of the offenses Defendant committed and would send the wrong message to attorneys and the public regarding the conduct expected of members of the Bar of this State; and

   c. The protection of the public and the legal profession requires that Defendant not be permitted to resume the practice of law until he demonstrates the following: that he has reformed; that he understands his

obligations to his clients, the public, and the legal profession; and that permitting him to practice law will not be detrimental to the public or the integrity and standing of the legal profession or the administration of justice. Disbarred lawyers are required to make such a showing before they may resume practicing law.

Based on the foregoing Findings of Fact, Conclusions of Law, and additional Findings of Fact and Conclusions of Law Regarding Discipline, the Hearing Panel hereby enters the following

## ORDER OF DISCIPLINE

1. Defendant, William I. Diggs, is hereby DISBARRED from the practice of law.

2. Defendant shall surrender his North Carolina law license and membership card to the Secretary of the North Carolina State Bar no later than 30 days following service of this order upon Defendant.

3. Defendant shall pay the fees and the costs of this proceeding as assessed by the Secretary of the North Carolina State Bar. Defendant must pay the fees and costs within 30 days of service upon him of the statement of fees and costs by the Secretary.

4. Defendant shall comply with all provisions of 27 N.C. Admin. Code § 1B.0124 of the North Carolina State Bar Discipline & Disability Rules.

5. Within 15 days of the effective date of this Order Defendant shall provide the State Bar with an address and telephone number at which clients seeking return of files can communicate with Defendant and obtain such files. This address must be a physical address at which Defendant maintains a consistent presence and receives mail. Defendant must keep this information current with the State Bar, providing updated information to the State Bar within 15 days of any change.

6. Defendant shall promptly return client files in his possession, custody, or control to clients upon request, within 5 days of receipt of such request. Defendant will be deemed to have received any such request 3 days after the date such request is sent to Defendant, if the request is sent to the address Defendant provided the State Bar pursuant to the preceding paragraph or to Defendant's address of record with the State Bar if Defendant fails to provide another address pursuant to the preceding paragraph.

Signed by the Chair with the consent of the other Hearing Panel members, this the ___ day of _____, 2016.

Joshua W. Willey, Jr., Chair
Disciplinary Hearing Panel

The foregoing _12_ pages are true and accurate copies of the official records of the N.C. State Bar

Secretary N.C. State Bar